**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

THOMAS MULDOWNEY, Individually and For Others Similarly Situated,

Plaintiff,

v.

WEATHERFORD US, L.P.

Defendant.

**Case No.**

Jury Trial Demanded

Collective Action

## ORIGINAL COMPLAINT

## SUMMARY

1. Thomas Muldowney brings this lawsuit to recover unpaid overtime wages and other damages from Weatherford US, L.P. under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq*.

2. Muldowney worked for the Defendant as a Fishing Supervisor from approximately January 7, 2019 to September 27, 2019.

3. Muldowney and the other similarly situated workers who worked for the Defendant in the last three years regularly worked more than 40 hours a week.

4. However, these workers never received overtime for the hours they worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the FLSA, Defendant paid Muldowney and other similarly situated workers a flat amount for each day worked (a day-rate)

without overtime compensation.

6. Neither Muldowney, nor any other similarly situated workers who worked for the Defendant and received a day-rate, received a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**JURISDICTION & VENUE**

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper under 28 U.S.C. § 1391(b).

10. Defendant conducts substantial business operations in this District.

11. Defendant's headquarters are located in this District.

**PARTIES**

12. Muldowney worked for the Defendant as a Fishing Supervisor from approximately January 7, 2019 to September 27, 2019.

13. Throughout his employment with the Defendant, Muldowney was paid a day-rate with no overtime compensation.

14. Muldowney's relationship with the Defendant was an employer/employee relationship.

15. Muldowney's written consent is attached as Exhibit 1.

16. Muldowney brings this action on behalf of himself and all other similarly situated workers who were paid by the Defendant's day-rate system.

17. Although these workers regularly worked more than 40 hours each week, Defendant paid these workers a flat amount for each day worked with no overtime compensation

for the hours they worked in excess of 40 each week in violation of the FLSA.

18. The collective of similarly situated employees or Putative Class Members sought to be certified is defined as follows:

> **All workers, employed by, or working on behalf of, Weatherford US, LP who were paid a day-rate with no overtime at any time during the past three (3) years** (the "Putative Class Members").

19. The Putative Class Members are easily ascertainable from the Defendant's business and personnel records.

20. Weatherford US L.P. is a limited liability company and may be served by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

21. Weatherford US L.P.'s principal place of business is 2000 St. James Place, Houston, Texas 77056.

## COVERAGE UNDER THE FLSA

22. At all relevant times, the Defendant has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, the Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, the Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). The Defendant has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and equipment - that have been moved in or produced for commerce.

25. In each of the last three years, the Defendant has had annual gross volume of sales made or business done of at least $1,000,000.

26. At all relevant times, Muldowney and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

27. Defendant treated Muldowney and the Putative Class Members as employees and uniformly dictated the pay practices applied to Muldowney and the Putative Class Members.

28. Defendant's uniform day-rate scheme, depriving its workers of overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

29. To provide services, Defendant hired personnel (like Muldowney) to work on its behalf, including Fishing Supervisors.

30. During the relevant period, these workers regularly worked for Defendant in excess of 40 hours a week for weeks at a time.

31. During the relevant period, these workers worked for Defendant on a day-rate basis.

32. During the relevant period, these workers were not paid overtime for the hours they worked for Defendant in excess of 40 hours each week.

33. These workers make up the proposed Putative Class.

34. While exact job titles and job duties may differ, Defendant subjected these workers to the same or similar illegal pay practices for similar work.

35. For example, Muldowney worked for the Defendant as a Fishing Supervisor from approximately January 7, 2019 to September 27, 2019 in Texas and New Mexico.

36. Muldowney reported directly to Defendant's management-level employees.

37. Throughout his employment with Defendant, Muldowney regularly worked more than 40 hours each week without receiving overtime compensation. Instead, Defendant paid Muldowney a day-rate for each day worked, regardless of how many hours he worked in a day or week.

38. Muldowney regularly worked more than 40 hours per week.

39. The Putative Class Members performed the same general job duties performed by Muldowney.

40. The Putative Class Members worked the same or similar schedule worked by Muldowney, regularly working more than 40 hours each week. Muldowney's work schedule is typical of the Putative Class Members.

41. During the relevant period, Defendant paid Muldowney and the Putative Class Members a day-rate basis with no overtime compensation.

42. Muldowney and the Putative Class Members received a day-rate regardless of the number of hours or days they worked in a week, even if they worked more than 40 hours in a workweek.

43. Without the job performed by Muldowney and the Putative Class Members, Defendant would not have been able to complete its business objectives.

44. Muldowney and the Putative Class Members were economically dependent on Defendant and relied on Defendant for work and compensation.

45. Muldowney and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective

positions) to perform their job duties.

46. Defendant knew Muldowney and the Putative Class Members regularly worked overtime for weeks at a time.

47. Defendant's records reflect the fact that Muldowney and the Putative Class Members regularly worked far in excess of 40 hours in most workweeks.

48. Muldowney and the Putative Class Members did not receive overtime for hours worked in excess of 40 in any of those weeks. Instead, Defendant and the Putative Class Members were paid on a day-rate basis.

49. Defendant set these workers' schedules and compensation; supervised them; and required them to adhere to strict guidelines, directives, and Defendant's policies and procedures.

50. The work Muldowney and the Putative Class Members performed was an essential part of Defendant's core businesses.

51. All of the Putative Class Members worked similar hours and were denied overtime as a result of the same illegal pay practice.

52. All of the Putative Class Members worked in excess of 40 hours each week and often worked more than 84 hours in a workweek.

53. Defendant uniformly denied Muldowney and the Putative Class Members overtime for the hours they worked in excess of 40 hours in a single workweek.

54. Muldowney and the Putative Class Members were not exempt from overtime.

55. Defendant's day-rate policy violated the FLSA because it deprived Muldowney and the Putative Class Members of overtime for the hours they worked in excess of 40 hours in a single workweek.

56. Defendant knew Muldowney and the Putative Class Members worked more than

40 hours in a week.

57. Defendant knew, or showed reckless disregard for whether, Muldowney and the Putative Class Members were not exempt from the FLSA's overtime provisions.

58. Nonetheless, Muldowney and the Putative Class Members were not paid overtime.

59. Defendant knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

60. Muldowney brings this claim as a collective action under the FLSA.

61. The Putative Class Members were victimized by Defendant's pattern, practice, and/or policy which was in willful violation of the FLSA.

62. Upon information and belief, other Putative Class Members worked with Muldowney and were paid in the same manner (that is, paid a day-rate with no overtime) and performed similar work.

63. Based on his experiences with Defendant, Muldowney is aware that Defendant's illegal practices were imposed on the Putative Class Members.

64. The Putative Class Members are similarly situated in all relevant respects.

65. The Putative Class Members are blue-collar workers.

66. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

67. The illegal day-rate policy that Defendant imposed on Muldowney was likewise imposed on all Putative Class Members.

68. Numerous individuals were victimized by this pattern, practice, and policy which was in willful violation of the FLSA.

69. The Putative Class Members were similarly denied overtime when they worked more than 40 hours per week.

70. The overtime owed to Muldowney and the Putative Class Members will be calculated using the same records and using the same formula.

71. Muldowney's experiences are therefore typical of the experiences of the Putative Class Members.

72. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

73. Muldowney has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

74. Like each Putative Class Member, Muldowney has an interest in obtaining the unpaid overtime wages owed under federal law.

75. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

76. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA.

77. Further, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

78. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

79. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

80. Among the common questions of law and fact are:

a. Whether Defendant employed the Putative Class Members within the meaning of the FLSA; and

b. Whether Defendant's decision to pay with no overtime compensation to these workers was made in good faith; and

c. Whether Defendant's violation of the FLSA was willful; and

d. Whether Defendant's illegal pay practice applied to the Putative Class Members.

81. Muldowney and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

82. Muldowney knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

83. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendant's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

84. Defendant is liable under the FLSA for failing to pay overtime to Muldowney and the Putative Class Members.

85. Consistent with Defendant's illegal day-rate policy, Muldowney and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

86. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Muldowney and the Putative Class Members.

87. Defendant's illegal day-rate policy deprived Muldowney and the Putative Class

Members of the premium overtime wages they were owed under federal law.

88. Defendant was aware, or should have been aware, that the FLSA required it to pay Muldowney and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

89. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

90. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

91. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**CAUSE OF ACTION**
**VIOLATION OF THE FLSA**

92. Muldowney realleges and incorporates by reference all allegations in preceding paragraphs.

93. Muldowney brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

94. Defendant violated, and is violating, the FLSA by failing to pay Muldowney and the Putative Class Members overtime.

95. Muldowney and the Putative Class Members were Defendant's employees for purposes of the FLSA overtime requirements.

96. Defendant was Muldowney's and the Putative Class Members' employer under the FLSA. Defendant suffered or permitted Muldowney and the Putative Class Members to work for or on its behalf during the relevant period.

97. Defendant cannot meet its burden to demonstrate Muldowney and Putative Class Members are exempt from overtime under the administrative exemption.

98. Defendant cannot meet its burden to demonstrate the Muldowney and Putative Class Members are exempt from overtime under the executive exemption.

99. Defendant cannot meet its burden to demonstrate Muldowney and Putative Class Members are exempt from overtime under the professional exemption.

100. Defendant cannot meet its burden to demonstrate Muldowney and Putative Class Members are exempt from overtime under the highly compensated exemption.

101. Defendant failed to guarantee Muldowney and the Putative Class Members a salary.

102. Defendant failed to pay Muldowney and the Putative Class Members overtime.

103. Defendant paid Muldowney and the Putative Class Members a day-rate.

104. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Muldowney and the Putative Class Members overtime compensation.

105. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

106. Accordingly, Muldowney and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

**JURY DEMAND**

107. Plaintiff requests a jury trial.

**PRAYER**

**WHEREFORE**, Muldowney, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Muldowney and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Gabriel A. Assaad*
McDonald Worley, PC
1770 St. James St., Suite 100
Houston, TX 77056
(713) 523-5500 – telephone
(713) 523-5501 – facsimile
gassaad@mcdonaldworley.com